D. Pellón & Co., demandante y apelada, *v.* Méndez & Co., demandada y apelante.

No. 3480.—*Visto:* Mayo 6, 1925. *Resuelto:* Julio 20, 1925.

1. Contratos—Interpretación y Operación (*Operation*)—Reglas Generales de Interpretación—Contratos en Parte Impresos y en Parte Escritos.—En el presente caso se hizo un contrato en papel impreso, cuyos blancos, después de llenos, contenían las convenciones de las partes suscritas por ellas; al pie de la hoja, e impreso con letras pequeñas, aparecía una estipulación sobre aceptación de condiciones impresas al dorso. *Se resolvió:* que en vista del tipo usado para dicha estipulación, y principalmente por estar las firmas de los contratantes antes de la estipulación mencionada, dicha aceptación y condiciones no fueron parte de las convenciones de los contratantes.

2. Ventas—Remedios del Comprador—Acciones por Violación (*Breach*) de Contrato—Indemnización de Perjuicios Causados por Tardanza en la Entrega.—El obligado por un contrato que, debido a una huelga de trabajadores, no puede cumplir oportunamente la obligación contraída, no incurre en responsabilidad ni viene obligado a pagar los perjuicios causados a la otra parte por la tardanza en la entrega de lo convenido.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Revocada.*

*Monserrat & Monserrat,* y *Pedro Santana Jr.,* abogados de la apelante; *Juan B. Soto,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Por contrato de 7 de julio de 1922 la apelante vendió y se comprometió a entregar a la apelada en determinada fecha cierto número de cortes de tabla para cajones que habían de venir de los Estados Unidos y habiendo hecho la entrega después de la fecha convenida por causa de una huelga de los trabajadores de los ferrocarriles que habían de transportar la mercancía al puerto en que el vapor ha-

bía de tomarla para traerla a esta Isla, huelga que comenzó el día primero de dicho mes y año y de la cual el apelante residente en esta Isla no tuvo conocimiento hasta después de celebrado su contrato, fué demandado para que pagase al apelado la cantidad de $5,049.50 por los perjuicios causados por la tardanza en la entrega.

La corte inferior condenó al apelante a pagar por dicho concepto la cantidad de $2,062.50 y las costas, contra cuya sentencia interpuso esta apelación.

El contrato de venta fué hecho en una hoja de papel impreso cuyos blancos fueron escritos con maquinilla y en la que después de las firmas de los contratantes se lee en la parte inferior en letra pequeña impresa lo siguiente: "Las partes convienen en someterse a todas las condiciones que aparecen al dorso de este contrato." Y a su dorso tiene impresa con igual tipo de imprenta seis condiciones, una de las cuales dice que las aceptaciones de pedidos están sujetas a huelgas.

Podemos prescindir de considerar el primer motivo en que se funda la apelación porque aun cuando la corte inferior declaró que la forma en que estaba redactada la contestación admitía las alegaciones de la demanda jurada, sin embargo, las negativas de la contestación fueron objeto de prueba, por lo que esta cuestión no tiene importancia en este recurso.

Como la corte inferior fundó su sentencia condenatoria en que por el sitio y la forma en que aparecen impresas las estipulaciones que antes hemos consignado no deben en justicia considerarse como parte del contrato para obligar a una persona que no intervino en su redacción o impresión, alega el apelante en los motivos segundo y tercero de su alegato que esa conclusión es errónea porque según el artículo 1058 del Código Civil las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y porque, aunque la cláusula sobre huelgas no pudiera considerarse como parte del contrato, siempre resultaría que el

apelante no tiene que indemnizar perjuicios motivados por la tardanza en la entrega debido a la huelga, porque el artículo 1072 del mismo cuerpo legal declara que fuera de los casos expresamente mencionados en la ley, y de los en que así lo declare la obligación, nadie responderá de aquellos sucesos que no hubieran podido preverse o que previstos fueran inevitables.

Para resolver la primera cuestión planteada por el apelante se hace necesario determinar si las cláusulas a que hemos hecho referencia son o nó parte del contrato.

[1] No se trata aquí de un contrato en que las partes hacen sus estipulaciones y después las suscriben, en cuyo caso no puede dudarse que es aplicable el artículo 1058 citado, sino de un papel que después de llenarse ciertos blancos que contiene con las convenciones de las partes suscritas por ellas, se encuentra al pie de la hoja, impresa con letras pequeñas, la estipulación de que las partes convienen en someterse a las condiciones que aparecen al dorso del contrato, estando impresas en el dorso del papel también con letra pequeña dichas condiciones. En vista de las circunstancias dichas, el tipo pequeño de letra usado para esa estipulación sobre aceptación de las condiciones impresas en la parte posterior del papel, y principalmente porque las firmas de las partes contratantes están puestas antes de esa estipulación, llegamos a la conclusión de que dicha aceptación y condiciones no fueron parte de las convenciones de los contratantes y por tanto que no se ha infringido por la corte inferior dicho artículo al no darle aplicación en este pleito. En el caso de *Summers* v. *Hibbard Spencer & Co.*, 153 Ill. 102, 38 N.E. 899 (46 Am. St. Rep. 872), se resolvió que el mero hecho de que los apelantes suscribieron su aceptación en una forma en blanco para cartas al principio de la cual estaban impresas las palabras "todas las ventas sujetas a huelgas y accidentes" no tienen el efecto de impedir a los apelantes haber celebrado un contrato de venta sin condiciones . . . . y que las palabras impresas están sepa-

radas y aparte de lo escrito que aparece en el papel y en un sitio donde uno probablemente no podría buscar limitaciones a lo que está escrito.

[2] Pasemos a la segunda cuestión que, como hemos visto, se promueve para el caso de que declaremos que la cláusula sobre huelgas no forma parte del contrato, y se sostiene que aunque así sea el apelante está exento de responsabilidad por el artículo 1072 del Código Civil declarativo de que nadie responderá de aquellos sucesos que no hubiera podido prever o que previstos fueran inevitables.

¿Está exento de responsabilidad el apelante porque la tardanza en el cumplimiento de su obligación fué debido a una huelga?

Las huelgas de trabajadores son acontecimientos que aunque ocurren con alguna frecuencia no puede preverse cuándo ocurrirán y obstaculizarán el cumplimiento de una obligación y son, además, de tal naturaleza que aunque se prevean no puede el obligado impedir sus efectos y son inevitables.  No dependen de la voluntad de una persona obligada por un contrato y por esto cuando no puede cumplirse oportunamente la obligación, como ocurre en este caso, el obligado no incurre en responsabilidad y no está obligado a pagar los perjuicios que cause la conducta de otras personas. ¿Bajo qué razón legal puede ser condenada una persona a sufrir las consecuencias de actos que no dimanan de su voluntad y que aunque previéndolos no podía evitarlos, si no están comprendidos en el artículo 1803 del Código Civil? El apelante no sabía cuando celebró el contrato que pocos días antes había comenzado una huelga en los Estados Unidos, y aunque lo hubiera sabido no podía evitarlo.  La ley exime de responsabilidad por sucesos como el que nos ocupa y por esto creemos que fué error de la corte inferior el haber condenado en las circunstancias dichas al apelante a pagar los perjuicios derivados de actos que no podía evitar.

Habiendo llegado a esta conclusión, *la sentencia apelada debe ser revocada y dictarse otra absolviendo al demandado.*